IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CHARLOTTE A. HUNTLEY**                                                             **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:14-cv-00046-KS-MTP**

**DOLGENCORP, LLC**                                                                    **DEFENDANT**

### DOLGENCORP, LLC'S MEMORANDUM BRIEF
### IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

#### I.     INTRODUCTION

This is a premises-liability case wherein the Plaintiff, Charlotte Huntley ("Huntley"), alleges that on September 4, 2011, she was injured at Dolgencorp's Dollar General store in Bassfield, Mississippi, when she fell while trying to free her foot, which became lodged under a freestanding wire rack. Huntley's Complaint alleges that Dolgencorp negligently by allowed the wire rack to be positioned so that it extended into the aisle, and that this alleged negligence caused her fall and injuries.

As is set out in more detail, Huntley claims cannot survive summary judgment because (1) the wire rack or its position was not a dangerous condition (2) there is no evidence that any employees of Dolgencorp caused the wire rack to be in the position it was at the time of Huntley's fall, knew this rack was in this position, or that it was in this position for any length of time that Dolgencorp had constructive knowledge of this position; and (3) no alleged action of Dolgencorp proximately caused Huntley's fall or her alleged injuries.

#### II.    FACTUAL BACKGROUND

On September 4, 2011, Huntley was a customer in the Dollar General store in Bassfield, Mississippi. She was wearing flip-flops. She entered the store, walked to one particular aisle, and picked up a box of cereal. She then walked to the end of that aisle and began to turn to her

1

right to head toward the back of the store to get washing powder.  (See Transcript of Deposition of Charlotte Huntley, attached **Exhibit "B"** to Dolgencorp's Motion, p. 8, L 5-24, p. 27, L 2-7, p. 28, L 23 to p. 37, L 22).

As Huntley walked down the cereal aisle, she saw a wire rack at the end of the aisle.  (*See* **Exhibit "B"**, p. 25, L 20 to P. 26, L 13).  When Huntley reached the end of the aisle, she turned to the right and noticed that the far side of the wire rack was not flush up against the shelf.  (**Id.** at p. 25, L 23 to P. 26, L 5; p. 36, L 4-17; p. 38, L 16 to p. 39, L 2; p. 39, L 2 to p. 40, L 4)). When she reached the rack, she caught her right foot on the bottom of the wire rack.  (**Id.** at p. 39, L 4-6)  Huntley attempted to move or push the wire rack off her foot, she fell to the floor. (**Id.** at p. 40, L 5-12; p. 47, L 1-12, and **Exhibit "C"**, Incident Report).

### III.     LAW AND ARGUMENT

Summary judgment is required when the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Graham v. Hodge*, 2014 U.S. Dist. LEXIS 162797, *11-12 (S.D. Miss. Nov. 19, 2014) "Summary Judgment is mandatory 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'"  *Id.* at *12-13 (quoting *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  "Bare bones allegations are insufficient to withstand summary judgment because the party opposing summary judgment 'must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Burgess v. Reddix*, 2013 U.S. Dist. LEXIS 186007 (S.D. Miss. Sept. 12, 2013) (quoting *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir.1986)).

It is undisputed that Huntley was a business invitee in Dolgencorp's retail store at the time of her alleged incident. Thus, Dolgencorp owed Huntley the duty "to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or [to] warn of dangerous conditions not readily apparent, which [the] owner . . . knows of, or should know of, in the exercise of reasonable care." *McCullar v. Boyd Tunica, Inc.*, 50 So.3d 1009, 1012, ¶ 12 (Miss.Ct.App. 2010) (*quoting Fulton v. Robinson Ind.*, 664 So.2d 170, 175 (Miss.1995)).

## A. THE WIRE RACK WAS NOT A DANGEROUS CONDITION.

In every premises-liability case, the plaintiff must show that a dangerous condition existed on the owner's premises. *McCullar*, 50 So.3d at 1012, ¶ 13 (*citing Stanley v. Boyd Tunica, Inc.*, 29 So.3d 95, 97-98, ¶ 10 (Miss.Ct.App. 2010)); *Penton v. Boss Hoggs Catfish Cabin, LLC*, 42 So.3d 1208, 1210, ¶ 10 (Miss.Ct.App. 2010). A "property owner cannot be found liable for the plaintiff's injury where no dangerous condition existed". *Stanley,* 29 So.3d at 97-98, ¶ 10. Furthermore, "[t]he existence of a dangerous condition cannot be shown merely because an accident occurred." *Penton v. Boss Hoggs Catfish Cabin, LLC*, 42 So.3d 1208, 1210, ¶ 9 (Miss.Ct.App. 2010).

Here, the undisputed facts are that Huntley saw the wire rack before she reached it, and when she attempted to maneuver around it, her foot became stuck under it. This establishes that she was aware of both its existence and position prior to her fall. More importantly, there is no evidence as to how this wire rack[1] – an inanimate object used to display merchandise which Huntley saw before her foot became lodged underneath it – was a dangerous condition. *See Garson v. Circus Circus Mississippi, Inc.*, 135 So.2d 932, 935, ¶¶ 10-11 (Miss.Ct.App. 2014) (grant of summary judgment affirmed in part due to plaintiff's failure to establish how a bed

---

[1] Huntley testified that she had seen the wire rack at issue on prior visits to the Bassfield Dollar General store, and encountered no problems with it. (*See* **Exhibit "B"**, p. 5-12).

3

frame, upon which she struck her ankle, was a dangerous condition); and *Chapman v. Piccadilly Rest., Inc.*, 2007 U.S.Dist. LEXIS 71720 (S.D.Miss. 2007) (summary judgment granted in premises liability case where plaintiff, who was injured when chair on rollers slid out from underneath her, failed to show how the chair on a concrete floor was a dangerous condition, and plaintiff was aware the chair was on rollers and the floor was concrete before her fall occurred).

This wire rack, which Huntley was aware of prior to her fall, simply was not a dangerous condition. Accordingly, Dolgencorp is entitled to summary judgment.

**B.   ALTERNATIVELY, HUNTLEY HAS NO EVIDENCE TO MEET THE REQUIRED ELEMENTS OF HER PREMISES LIABILITY CLAIM.**

Assuming, *arguendo*, that some aspect of this wire rack equates to a dangerous condition, Huntley's premises liability claim still fails as a matter of law. Mississippi law is clear that in order for a plaintiff to succeed on a premises liability claim, she must show (1) a negligent act by the defendant caused the dangerous condition; or (2) the defendant had actual knowledge of the dangerous condition but failed to warn the plaintiff; or (3) the dangerous condition existed long enough to provide the defendant with constructive knowledge of it. *McCullar,* 50 So.3d at 1012, ¶ 13 (*citing Jacox v. Circus Circus Miss., Inc.*, 908 So.2d 181, 184-85, ¶ 7 (Miss.Ct.App. 2005); *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992)).

When a dangerous condition was not created by the premises owner, the plaintiff "must produce evidence that the owner had actual or constructive knowledge of the danger for a period time reasonably sufficient to remedy or warn of it. *Jones v. Imperial Palace of Mississippi*, LLC, 147 So.3d 318, 319, ¶ 5 (Miss. 2014) (*citing Moore v. Winn-Dixie Stores, Inc.*, 252 Miss. 693, 173 So.2d 603, 605-606 (Miss. 1965)). "Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the owner or

occupier should have known of it." *Jordan v. Wal-Mart Stores East, L.P.*, 2007 U.S.Dist.LEXIS 30836 *9 (S.D.Miss. 2009).

It is well established that a business owner is not an insurer against all injuries of its invitees. *Rod v. Home Depot USA, Inc.*, 931 So.2d 692, 695, ¶ 12 (Miss.Ct.App. 2006) (citations omitted). Merely proving that an accident occurred is not sufficient to prove liability; instead, the plaintiff must show that the owner of the business was negligent. *Penton*, 42 So.3d at 1210, ¶ 9 (*citing Byrne v. Wal-Mart Stores, Inc.*, 877 So.2d 462, 465, ¶ 6 (Miss. Ct. App. 2003); *Sears Roebuck & Co. v. Tisdale*, 185 So.2d 916, 917 (Miss. 1966)). Furthermore, "[t]he invitee is still required to use in the interest of her own safety that degree of care and prudence which a person of ordinary intelligence would exercise under the same or similar circumstance." *Vu v. Clayton*, 765 So.2d 1253, 1255 (Miss. 2000) (*citing Tate v. Southern Jitney Jungle Co.*, 650 So.2d 1347, 1351 (Miss. 1995); *Fulton v. Robinson Indus., Inc.*, 664 So.2d 170, 175 (Miss. 1995)).

First, Huntley has no evidence whatsoever that Dolgencorp or its employees were the ones who positioned the wire rack the way it was. At best, she testified that the wire rack was "pulled out," "not flush," and "catty-cornered," and that "[s]*omebody* had pulled it out." (*See* **Exhibit "B"**, p. 39, L 13-18) (*emphasis added*). Huntley has not presented any evidence that that "somebody" was Dolgencorp. Thus, she has no evidence that Dolgencorp created any condition concerning this wire rack.

Secondly, there is no evidence that any employee of Dolgencorp knew this wire rack was pulled away from the shelf, nor how long this wire rack was in this position prior to Huntley's fall. Huntley offered no such evidence in her deposition or her discovery responses. (*See* **Exhibits "B"** and **"D"**). Mississippi law requires either knowledge of a dangerous condition or sufficient proof of how long a dangerous condition existed prior to an incident to establish

constructive notice.  *See Lamy v. Nat'l Tea Co.*, 1993 U.S.Dist.LEXIS 17388 *26-31 (S.D.Miss. 1993) (granting summary judgment in favor of owner where plaintiff failed to come forward with any proof as to how long the condition existed prior to the plaintiff's fall); *see also Aultman v. Delchamps*, 202 So.2d 922, 924 (Miss. 1967) and *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 286-287 (Miss. 1986) (each holding that a presumption as to how long a condition existed prior to a fall is insufficient, as a matter of law, to establish constructive knowledge).

The facts of this case are very similar to those in *Jones v. Imperial Palace of Mississippi, LLC, supra*.  In *Jones*, the plaintiff tripped over a misaligned parking bumper while walking through the defendant's parking garage.  *Jones*, 147 So.2d at 318, ¶¶ 2-3.  The plaintiff contended that the defendant was negligent in allowing the parking bumper to be in this position. *Id*.

The trial court granted summary judgment in favor of the defendant, which the Mississippi Court of Appeals overturned.  On writ of certiorari, the Mississippi Supreme Court reinstated the trial court's grant of summary judgment.  In so doing, the Supreme Court noted that the plaintiff provided no evidence that the defendant caused the misalignment of the parking bumper.  *Id*. at ¶6.  The Supreme Court also found the plaintiff provided no evidence that the defendant knew the offending parking bumper was misaligned prior to the plaintiff's fall, nor did the plaintiff provide any evidence showing the time period the parking bumper was misaligned. *Id*. at ¶¶ 10, 15.

The exact same facts, or lack thereof, are present here.  Huntley had no evidence that Dolgencorp caused the wire rack to be in the position she claims it was at the time of her fall.  Likewise, she has no evidence that Dolgencorp knew of the position of this wire rack prior to her fall, nor can she establish how long this wire rack was in the position it was in at the time of

Huntley's fall. Accordingly, as the Supreme Court held in *Jones*, she cannot maintain her premises liability claim against Dolgencorp as a matter of law, and summary judgment is appropriate here.

## C. **HUNTLEY CANNOT SHOW THAT ANY ACTIONS OF DOLGENCORP PROXIMATELY CAUSED HER FALL OR HER ALLEGED INJURIES.**

Finally, Huntley's premises liability claim should also fail as she cannot show that any act or omission of Dolgencorp proximately caused her fall. Premises liability cases, as with all negligence claims, require evidence of the essential elements of duty, breach, proximate causation, and damages. *Thomas v. The Columbia Group, LLC*, 969 So.2d 849, 852 (Miss. 2007). The proximate cause element of Huntley's claim is lacking here.

Huntley provided the following testimony in her deposition:

> Q. Okay. So you see the wire rack, you make the turn. Then what happens?
>
> A. I made the turn, and as I made the turn I just saw, just as my foot caught it, I saw the shelf pulled out. You know, the end of it.
>
> Q. Okay.
>
> A. And my foot got caught in it. **And as it did, I was trying to get the shelf off of my foot**. And that was all she wrote.

(*See* **Exhibit "B"**, p. 38, L 22 to p. 39, L 6) (**emphasis added**).

> Q. All right. So if I understand you correctly, you make the turn -- you see the shelf, you make the turn. As you make the turn, your foot gets caught on the shelf?
>
> A. Well, I saw it pulled out, but it was too late to do anything. As my foot got caught, I saw it, and I just started praying.
>
> Q. Okay. When your foot got caught, I think you said that you were trying to get your foot uncaught?
>
> A. **I did**.
>
> Q. And as you were doing that, you fell?

      A.      (Witness nods head affirmatively).  **I did**.

(**Id.** at p. 39, L 22 to p. 40, L 12) (**emphasis added**).

      Q.      Okay. Did you tell the female employee or the male employee what happened?

      A.      I'm not sure.

      Q.      Okay.

      A.      I'm sorry.

      Q.      No, that's fine.  Again, like I said, I want to know what you know.  If you don't know or don't remember, that's fine.

      A.      **I do remember saying I was trying to move the shelf off my foot, move the shelf off my foot**.

      Q.      Okay.

      A.      At some point.  And I don't know who I told that to, **but at some point I said that**.

      Q.      Okay.

      A.      And I think all I said was **I was trying to move the shelf, trying to get it out**, you know . . . .

(**Id.** at p. 46, L 18 to p. 47, L 12) (**emphasis added**).  The incident report completed by the store manager also indicates that Huntley was trying to push something off her foot when she fell. (*See* **Exhibit "C"**, Incident Report).

    Based on Huntley's testimony, it was *not* the wire rack itself or its positioning that proximately caused her to fall, but her actions in trying to push or move the wire rack which proximately caused her to fall.  Accordingly, the proximate cause element of Huntley's premises liability claim is lacking, providing yet another reason Dolgencorp is entitled to summary judgment.

## IV.     CONCLUSION

Huntley was aware of the wire rack before her foot became lodged underneath it, negating any claim that this wire rack was a "dangerous condition".  Notwithstanding this, there is no evidence that Dolgencorp caused the wire rack to be in the position it was in at the time Huntley fell, it had any knowledge of the position of the wire rack prior to her fall, or how long the wire rack was in this position prior to her fall to establish that Dolgencorp had any constructive knowledge about the position of the wire rack.  Finally, the Incident Report as well as Huntley's own testimony establish that she fell while trying to get her foot out from underneath the wire rack, indicating that it was her own actions which proximately caused her fall.  For these reasons, Dolgencorp is entitled to summary judgment and a dismissal of Huntley's Complaint, with prejudice.

RESPECTFULLY SUBMITTED, this the 26th day of January, 2015.

DOLGENCORP, LLC


BY:   */s/ Matthew D. Miller*
      MATTHEW D. MILLER

MATTHEW D. MILLER (MSB #99210)
NICHOLAS K. THOMPSON (MSB #103259)
Copeland, Cook, Taylor & Bush, P.A.
P.O. Box 17619
Hattiesburg, MS 39404-7619
110 Sheffield Loop
Hattiesburg, MS 39402
601.264.6670 (phone)
601.264.5660 (fax)
mmiller@cctb.com
nthompson@cctb.com

## **CERTIFICATE OF SERVICE**

I, MATTHEW D. MILLER, attorney of record for the Defendant, do hereby certify that I have this day filed the above and foregoing using the CM/ECF system, which sent notification of such filing to:

L. O'Neal Williams, Jr. (nealwilliams@wwmattorneys.com)
Cory M. Williams (corywilliams@wwmattorneys.com)
Williams, Williams & Montgomery, P.A.
140 Mayfair Road, Suite 400
Hattiesburg, MS  39402

THIS, the 26th day of January, 2015.

*/s/ Matthew D. Miller*
MATTHEW D. MILLER
